FILED

1 | JAMES LEONARD BROWN, SBN 0040702
LAW OFFICES OF JAMES LEONARD BROWN
2 | A Professional Corporation
5900 Wilshire Boulevard, Suite 2645
3 | Los Angeles, CA 90036-5028
Telephone: (213) 251-2332
4 | Facsimile: (213) 607-1456
Email: jameslbrownlaw@yahoo.com
5 | **Attorney for Plaintiffs Fu-Gen, Inc.**

2012 APR 12  PH 3: 48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

**CV 12-3229** -MRG (SSx)

11 | FU-GEN, INC., a California Corporation, ) | **CASE NO.:**

12 | Plaintiff, ) | **COMPLAINT FOR DAMAGES**

13 | vs. ) | **[Civil Rights Violations (42 U.S.C. § 1983, et seq.]**

14 | LOS ANGELES COMMUNITY )
COLLEGE DISTRICT; BOARD OF )
15 | TRUSTEES OF THE LOS ANGELES ) | **DEMAND FOR JURY TRIAL**
COMMUNITY COLLEGE DISTRICT; )
16 | and the following persons in their )
individual and official capacities: )
17 | CHANCELLOR DR. DANIEL J. )
LaVISTA, MIGUEL SANTIAGO, )
18 | STEVE VERES, MONA FIELD, TINA )
PARK, KELLY CANDAELE, GEORGIA )
19 | MERCER, NANCY PEARMAN and )
SYLVIA SCOTT HAYES, )
20 | Defendants. )
21 | )

22

23

24 |        Comes now Plaintiff, FU-GEN, INC., a California Corporation ("FU-GEN"

25 | herein), and for Claims for Relief against Defendants, LOS ANGELES

26 | COMMUNITY COLLEGE DISTRICT ("LACCD" herein); BOARD OF TRUSTEES

27 | OF THE LOS ANGELES COMMUNITY COLLEGE DISTRICT ("BOARD OF

28 | TRUSTEES" herein; and the following persons in their individual and official

1

capacities: CHANCELLOR DR. DANIEL J. LaVISTA, MIGUEL SANTIAGO, STEVE VERES, MONA FIELD, TINA PARK, KELLY CANDAELE, GEORGIA MERCER, NANCY PEARMAN and SYLVIA SCOTT HAYES, and each of them, alleges on information and belief as follows:

## JURISDICTION AND VENUE

1.    The jurisdiction of this Court is invoked pursuant to Section 1983, Civil Rights Act of 1866 (42 U.S.C., Section 1983, et seq.); and the United States Constitution, including, without limitation, the Fourteenth Amendment thereof. Jurisdiction is founded on 29 U.S.C. §§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

2.    Venue is proper in the Central District of California. All acts alleged herein occurred in the City of Los Angeles, California.

## THE PARTIES

3.    Plaintiff, FU-GEN, is a California Corporation, a citizen of the United States and of the State of California, and at all material times herein was doing business in the City and County of Los Angeles,  California as a licensed investigation and research company.

4.    FU-GEN is solely owned, managed and operated by Marsha Brown, an African Female, and her husband, Glenn Brown, an African-American male. Marsha Brown and Glenn Brown are both citizen of the United States and are resident of the State of California, City  and County of Los Angeles, California.Marsha Brown and Glenn Brown own all of the stock of, and are the sole officers of, FU-GEN.

5.    FU-GEN is an African-American and female owned corporation, and, is certified as a Minority owned and Women owned business. During its more than 30 years in business, FU-GEN has acquired an acquired racial identity as an African-American an Female owned company.

6.    At all material times herein, Defendant LOS ANGELES COMMUNITY

COLLEGE DISTRICT ("LACCD") was a public governmental entity, organized and existing pursuant to the laws of the State of California and doing business in the County of Los Angeles as a community educational organization.  LACCD is the largest community college district in the United States.  It serves more than 250,000 students annually at facilities spread throughout 36 cities in the greater Los Angeles area.

7.    At all material times herein, LACCD was managed and operated by Defendant BOARD OF TRUSTEES OF THE LOS ANGELES COMMUNITY COLLEGE DISTRICT ("BOARD OF TRUSTEES").  On information and belief, at all times material to this action, the BOARD OF TRUSTEES included each of the individual Defendants named herein.  Each of said individual Defendants are sued herein in their individual and official capacities.

8.    At all material times herein, Defendant CHANCELLOR DR. DANIEL J. LaVISTA was the Chancellor of LACCD, and is sued herein in his individual and official capacity.

9.    At all material times herein, Defendants MIGUEL SANTIAGO, STEVE VERES, MONA FIELD, TINA PARK, KELLY CANDAELE, GEORGIA MERCER, NANCY PEARMAN and SYLVIA SCOTT HAYES were members of the BOARD OF TRUSTEES and are sued herein in their individual and official capacities.

10.    At all material times herein, each of the Defendants named herein was the co-conspirator of each of the other said Defendants, and all of the Defendants acted jointly and in concert with each other,  as co-conspirators, and were acting pursuant to the conspiracy.

3

**Complaint for Damages**

## GENERAL ALLEGATIONS

11.    At all material times to this action, Section 1983 of the Civil Rights Act of 1866 (42 U.S.C., Section 1983) provided in pertinent part that:

> **Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit, inequity, or other proper proceeding for redress.**

12.    At all material times to this action, Section 1983 of the Civil Rights Act of 1866 (42 U.S.C., Section 1983) provided redress for violations of constitutionally guaranteed rights, including, without limitation, rights guaranteed under the   Equal Protection Due Process Clauses of the Fourteenth Amendment.

13.    Said constitution and statutory provisions were in full force and effect during all times material to this action.

14.    Plaintiff FU-GEN is an African-American owned corporation  and at all material times herein, including, without limitation, at the time of the wrongful acts complained of herein, was entitled to the protection of the above constitutional and statutory provisions.  Said constitutional and statutory provisions were and are for the purpose of protecting United States citizens, including Plaintiff, from being discriminated against by reason of the race of its owners and officer, or by reason of the acquired racial identity of the company, by the conduct of entities or other persons, such as alleged.

15.    Plaintiff did not learn or discover the facts and details of the wrongful and discriminatory acts alleged herein until on or about August, 2011, because the

4

1   Defendants, by fraud, concealment and other wrongful actions, concealed the facts and

2   details of said discrimination and from Plaintiff and from the general public.  Said

3   fraud, concealment and other wrongful actions of the Defendants were not known to

4   the Plaintiff until the State Controller of the State California released its Audit Report

5   during August, 2011.

6       16.    During September, 2011, Plaintiff filed a timely Claim for Damages

7   against LACCD, pursuant to the California Government Code . A  copy of the cover

8   letter of said Claim is attached hereto as **Exhibit No. 1**.

9       17.    Plaintiff was notified of the rejection of its government claim by letter

10  from LACCD dated October 28, 2011.   A  copy of said letter is attached hereto as

11  **Exhibit No. 2**.

12      18.    Plaintiff has fully complied with the claims requirements, if any are

13  applicable to this action, of the California Government Code, including, without

14  limitation, the requirements of Government Code Sections 911.2 and 911.6 , et seq..

15                        **CLAIMS FOR RELIEF**

16      **FIRST COUNT - VIOLATION OF 42 U.S.C. §1983 BY RACE
    DISCRIMINATION IN VIOLATION OF EQUAL PROTECTION
17        RIGHTS UNDER THE FOURTEENTH AMENDMENT**

18      19.    Plaintiff refers to Paragraphs 1 through 18 herein above, and by

19  reference incorporates said Paragraphs in this cause of action as though they were

20  fully set forth at length.

21      20.    This first cause of action is brought pursuant to 42 U.S.C. §1983, and

22  the Fourth and Fourteenth Amendments of the United States Constitution for the

23  violation of the civil rights of Plaintiff, FU-GEN.

24      21.    On or about April 26, 2010, LACCD issued Request for Proposal

25  ("RFP") No. 10-12, for a $3.25 million dollar contract for a LACCD Inspector

26  General for bond funding.  The proposed LACCD Inspector General was designed

27  to be an independent entity, guarding against waste, fraud and abuse..

28

22.   On or about May 13, 2010 FU-GEN submitted a timely bid proposal in response to RFP 10-12.  FU-GEN had all of the stated qualifications specified in the RFP, including the background, skills and experience, which included years of experience in performing inspector general investigation and related services for other public entities and school districts in the Southern California area.  As such, FU-GEN was fully qualified for the Inspector General position which was the subject of RFP 10-12.

23.   Of the eleven companies submitting a proposal in response to RFP 10-12, FU-GEN was the only African American owned company.

24.   Of the eleven companies submitting a proposal in response to RFP 10-12, FU-GEN was the top scoring company according to the first panel that evaluated the responsive bids.

25.   Pursuant to LACCD rules regarding bid evaluation, the contract specified in the RFP should have been awarded to the top scoring responsive bidder, which in this case, was FU-GEN.

26.   On May 18, 2010, FU-GEN received a notice by email that a "short list" had been selected and that FU-GEN was not on the "short list".  FU-GEN was notified that the "short list" consisted of the following companies" Deloitte Services LP, Ernst & Young, LLP, Policy Masters, Inc. and Thompson, Cobb, Bazilo & Associates PC.  When FU-GEN inquired about the status of the bid selection, LACCD falsely concealed from FU-GEN that it was the top scoring company according to the first panel that evaluated the bids. Despite the foregoing, FU-GEN was not placed on the short list and was not even called in for an interview.

27.   Plaintiff is informed and believes, that on or about October 6, 2010, the contract pursuant to RFP 10-12 was awarded to Policy Masters, Inc.  Policy Masters, Inc. is  a non-African-American company, that  had scored much lower

6

**Complaint for Damages**

1    than FU-GEN did. and that did not have the same experience and expertise as FU-

2    GEN. Policy Masters, Inc. was a newly formed company that had been

3    established just 90 days or so prior to the release of RFP 10-12.

4         28.    On or about August 10, 2011, California State Controller John Chiang

5    released an audit of LACCD's bond construction program. The audit also

6    examined LACCD's creation of an Inspector General for bond funding, which was

7    the subject of the contract offered in RFP 10-12. The audit findings stated that

8    when establishing the Inspector General position, LACCD appeared to have

9    ignored its own procurement rules, by selecting an outside consulting firm that was

10    ranked lower than other companies that bid on the RFP, that was formed just before

11    LACCD went out for bid on the contract, led by a principal with no audit or legal

12    experience, and that was not qualified under the Principles and Standards of the

13    Association of Inspectors General.

14         29.    FU-GEN did not learn of the foregoing facts, including the fact that

15    FU-GEN was the only African-American company that bid on RFP 10-12, that FU-

16    GEN was the top scoring responsive bidder and that, notwithstanding, the contract

17    was awarded to a lower scoring non-African-American company, until on and after

18    August, 2011, when the results of the State Controller's Audit of LACCD'S

19    selection of an Inspector General pursuant to RFP 10-12 was released, and when

20    related Los Angeles Times investigative news reports were published and FU-GEN

21    thereafter obtained additional information from LACCD pursuant to Freedom of

22    Information requests..

23         30.    The foregoing actions of LACCD, including the refusal to award the

24    contract to FU-GEN, an African-American company, and instead awarding the

25    contract to Policy Masters, Inc. a lower ranked non-African-American company,

26    was racially motivated and intentionally discriminated against FU-GEN by reason

27    of the African-American race of FU-GEN's sole owners and by reason of the

28

1  acquired African-American racial identity of FU-GEN.

2      31.    In awarding the RFP to a lower ranking non-African-American
3  company, Defendants were motivated by an intent to discriminate against FU-GEN
4  because it is an African-American owned company, in violation of FU-GEN's
5  constitutional due process and equal protection rights and FU-GEN's rights under
6  of 42 U.S.C. Section 1983.

7      32.    As a direct and legal cause of the conduct of Defendants, and each of
8  them, FU-GEN was deprived of its rights secured by law, including FU-GEN's
9  14th amendment due process rights and rights of equal protection, including its
10  right to freedom from race discrimination, and was wrongfully denied the award of
11  the bid, despite ranking higher on the list than the awardee of the bid; and has
12  suffered damages, including lost profits and income from the $3.8 million contract
13  and other economic losses and will be caused to incur attorneys fees in the
14  prosecution of this action, all according to proof. Plaintiff seeks an award of
15  attorneys fees pursuant to, but limited to, 42 U.S.C. Section 1988.

16      33.    In doing the things alleged herein, Defendants, and each of them,
17  acted wilfully, intentionally, and with reckless and deliberate indifference to
18  Plaintiff's civil rights, for the illegal purpose of discriminating against Plaintiff on
19  account of race and the acquired African-American racial identity of FU-GEN, as
20  an African-American owned company, and for the purpose of depriving FU-GEN
21  of it's civil rights in violation of the law. By reason of the nature of the conduct of
22  Defendants, FU-GEN prays for exemplary and punitive damages against each of
23  the individual defendants in accordance with law, all according to proof.

24

25      **SECOND COUNT - VIOLATION OF 42 U.S.C. §1983 BY RACE
26      DISCRIMINATION IN VIOLATION OF DUE PROCESS
        RIGHTS UNDER THE FOURTEENTH AMENDMENT**

27

28      34.    Plaintiff hereby incorporates, as though fully set forth herein,

8

1  Paragraphs 19 through 31 of the FIRST COUNT herein above, as though fully set
2  forth at length herein.

3      35.    At all times material to this action, FU-GEN had a constitutionally
4  protected property interest and due process right to bid on publicly offered RFPs, to
5  obtain bid awards and enter into contracts such as the contract offered pursuant to
6  RFP 10-12, free from racial discrimination in the bid selection and contract award
7  process.   Said property interests and due process rights are secured by the United
8  States Constitution, including the Fourteenth Amendment.

9      36.    In awarding the RFP to a lower scoring, non-African-American
10  company,  for the reasons and  under the circumstances alleged herein, including,
11  without limitation, racial motivation, and subsequently concealing the true  facts
12  from FU-GEN, Defendants violated FU-GEN's constitutional rights to fairness, due
13  process and equal protection, including the right to not be deprived of rights and
14  property without due process of law and the right to be free from discrimination
15  based on race, as more particularly alleged herein.

16      37.    In doing the things alleged herein, Defendants acted in violation of
17  LACCD's own rules, policies and procedures regarding bid procurement, non-
18  discrimination and racially motivated bid-rigging or manipulation, all in violation
19  of FU-GEN's constitutional due process and equal protection rights.

20      38.    At all material times herein, Defendants  and each of them, acted
21  within the course and scope of their duties as members of the BOARD OF
22  TRUSTEE, as well as individually, in depriving Plaintiff of its rights, as delineated
23  in detail herein.

24      39.    Said racially motivated and unjustified conduct of the Defendants and
25  each of them, in violating Plaintiff's rights under the Fourteenth Amendment due
26  process clause and in depriving Plaintiff of the award of a $3.8 million contract, in
27  a violation of Plaintiff's substantive due process rights, was also proximately

28

9

1 | caused by the failure of Defendants LACCD and the BOARD OF TRUSTEES to
2 | intervene and prevent the incident as delineated herein.

3 |     40.    The discrimination and due process violations alleged herein was also
4 | a direct and proximate result of the policies, procedures, customs and practices of
5 | Defendant LACCD, and the deliberate indifference of said Defendants to the
6 | violations of civil rights caused by said policies, procedures, customs and practices,
7 | as alleged herein.

8 |     41.    In doing the things alleged herein, Defendants violated FU-GEN's
9 | constitutional rights to due process and equal protection under the United States
10 | Constitution, including the rights afforded under the Fifth and Fourteenth
11 | Amendments, and violated FU-GEN's rights under of 42 U.S.C. Section 1983.

12 |     42.    As a direct and legal cause of the conduct of Defendants, and each of
13 | them, FU-GEN was deprived of its rights secured by law, including FU-GEN's
14 | 14th amendment substantive due process rights and rights of equal protection,
15 | including its right to freedom from race discrimination, and was wrongfully denied
16 | the award of the bid, despite ranking higher on the list than the awardee of the bid;
17 | and has suffered damages, including lost profits and income from the $3.8 million
18 | contract and other economic losses and will be caused to incur attorneys fees in the
19 | prosecution of this action, all according to proof.   Plaintiff seeks an award of
20 | attorneys fees pursuant to, but limited to, 42 U.S.C. Section 1988.

21 |     43.    By reason of the intentional nature and willful indifference of the
22 | Defendants to Plaintiff's constitutional and federally protected rights,  as alleged
23 | herein, including depriving FU-GEN of the protected property right in acquiring
24 | public contracts,  based on intentional  race discrimination against FU-GEN, in
25 | violation of FU-GEN's constitutional due process and equal protection rights, with
26 | the intent to discriminate against FU-GEN and to violate the law, including the
27 | provisions of the United States Constitution and the provisions of the Civil Rights
28 |

10

**Complaint for Damages**

1    Act of 1866, 42 U.S.C., Section 1983, FU-GEN prays for exemplary and punitive

2    damages against all of the Defendants, except the public entity Defendant, in

3    accordance with law, and all according to proof.

4

5    **THIRD COUNT - VIOLATION OF 42 U.S.C. §1985 BY**

6    **CONSPIRING TO VIOLATE PLAINTIFF'S EQUAL PROTECTION AND
     DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT**

7
       44.    Plaintiff hereby incorporates, as though fully set forth herein,
8
9    Paragraph 10, Paragraphs 19 through 33 of the FIRST COUNT, and Paragraphs 35

10   through 43 of the SECOND COUNT herein above, as though fully set forth at

11   length herein.

12     45.    Prior to engaging in each of the wrongful acts alleged herein,

13   including on or about May 13, 2010 and thereafter, Defendants and each of them

14   conspired among themselves and agreed to engage in each of the constitutionally

15   prohibited acts alleged herein.

16     46.    In doing the things alleged herein Defendants acted jointly and in

17   concert with each other, under color of law, and individually, and at all material

18   times were involved as co-conspirators to deprive FU-GEN of its constitutionally

19   guaranteed civil rights, as alleged herein.

20     47.    On information and belief Plaintiff alleges that at all times material to

21   this action, Defendants LACCD and THE BOARD OF TRUSTEES had customs,

22   policies and practices which allowed and condoned, without limitation, the

23   constitutionally prohibited conduct discrimination in bid selection and contract

24   awards based on race, and discriminating against bid proposers based on their

25   status as African-American persons or companies.

26     48.    In doing the things alleged herein, Defendants, and each of them acted

27   pursuant to a conspiracy, jointly and in concert with each other, under color of law,

28   and individually, and pursuant to the above-described customs, policies and

**Complaint for Damages**

1  practices, and acted with deliberate indifference to Plaintiff's constitutional rights.

2     49.    As a direct and legal cause of the conduct of Defendants, and each of

3  them, FU-GEN was deprived of its rights secured by law, including FU-GEN's

4  14th amendment substantive due process rights and rights of equal protection,

5  including its right to freedom from race discrimination, and was wrongfully denied

6  the award of the bid, despite ranking higher on the list than the awardee of the bid;

7  and has suffered damages, including lost profits and income from the $3.8 million

8  contract and other economic losses and will be caused to incur attorneys fees in the

9  prosecution of this action, all according to proof.   Plaintiff seeks an award of

10 attorneys fees pursuant to, but limited to, 42 U.S.C. Section 1988.

11    50.    By reason of the intentional nature and willful indifference of the

12 Defendants to Plaintiff's constitutional and federally protected rights,  as alleged

13 herein, including depriving FU-GEN of the protected property right in acquiring

14 public contracts,  based on intentional  race discrimination against FU-GEN, in

15 violation of FU-GEN's constitutional due process and equal protection rights, with

16 the intent to discriminate against FU-GEN and to violate the law, including the

17 provisions of the United States Constitution and the provisions of the Civil Rights

18 Act of 1866, 42 U.S.C., Section 1983, FU-GEN prays for exemplary and punitive

19 damages against all of the Defendants, except the public entity Defendant, in

20 accordance with law, and all according to proof.

21

22 **FOURTH COUNT - VIOLATION OF 42 U.S.C. §1986 BY NEGLIGENT**
**FAILURE TO PREVENT CIVIL RIGHTS VIOLATIONS**
23

24    51.    Plaintiff hereby incorporates, as though fully set forth herein,
Paragraph 10, Paragraphs 19 through 31 of the FIRST COUNT,  Paragraphs 35
25
through 43 of the SECOND COUNT, and Paragraphs 46 through 49 of the THIRD
26
COUNT herein above, as though fully set forth at length herein.
27
      52.    Defendants negligently and recklessly failed and refused to act so as to
28

12

**Complaint for Damages**

1 | restrain or prevent the deprivation of Plaintiff's constitutional rights, including the

2 | right to be free from discrimination based on race in the award of contracts and bids.

3 |     53.    As a direct and legal cause of the conduct of Defendants, and each of

4 | them, FU-GEN was deprived of its rights secured by law, including FU-GEN's 14th

5 | amendment substantive due process rights and rights of equal protection, including its

6 | right to freedom from race discrimination, and was wrongfully denied the award of the

7 | bid, despite ranking higher on the list than the awardee of the bid; and has suffered

8 | damages, including lost profits and income from the $3.8 million contract and other

9 | economic losses and will be caused to incur attorneys fees in the prosecution of this

10 | action, all according to proof.    Plaintiff seeks an award of attorneys fees pursuant to,

11 | but limited to, 42 U.S.C. Section 1988.

12 |     WHEREFORE, Plaintiffs prays for judgment against defendants, and each of

13 | them, as follows:

14 |     1.    For special, general and compensatory damages according to proof.

15 |     2.    For punitive and exemplary damages in an amount appropriate to

16 | punish and set an example against Defendants, and each of them, except the public

17 | entity Defendant, all according to proof .

18 |     3.    For attorneys fees pursuant to, but limited to, 42 U.S.C. Section 1988.

19 |     4 . For costs of suit incurred herein and for such other and further relief as the

20 | Court considers proper.

21 | Date: April 12, 2012           LAW OFFICES OF

22 |                   JAMES LEONARD BROWN, APC

23 |                   By: _James Leonard Brown_

24 |                   James Leonard Brown
                  Attorney for Plaintiff, FU-GEN, INC.

25 |

26 |

27 |

28 |

13

**Complaint for Damages**

1

## DEMAND FOR JURY TRIAL

2

       Plaintiff, FU-GEN, INC., hereby demand trial by jury in this case pursuant to

3

the Federal Rules of Civil Procedure and applicable Local Rules.

4

5

Dated: April 12, 2012              **LAW OFFICES OF**

6

                            **JAMES LEONARD BROWN, APC**

7

                    By: _____

8

                    James Leonard Brown
                    Attorney for Plaintiff, FU-GEN, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Complaint for Damages**

# EXHIBIT NO. 1



# FU-GEN, INC.
Research and Investigation

GLENN S. BROWN, J.D
Chief Executive Officer

MARSHA L. BROWN, M.A
President

**September** 20, 2011

Los Angeles Community College District
Office of General Counsel
770 Wilshire Blvd., 6th floor
Los Angeles, CA 90017

Re: Claim for Damages concerning RFP 10-12
Inspector General/Whistleblower Program

Dear Sir:

This letter represents our formal protest in connection with the selection of an Inspector General from RFP 10-12 by the Los Angeles Community College District Board of Trustees. In May 2010, Fu-Gen, Inc. submitted our proposal in response to the above-referenced RFP. We believed that the qualifications specified by LACCD were a perfect match for our skills and experience. The filing of this complaint satisfies the government code. section 911.2 and 911.6 (c) et seq.

This claim is timely, and is only delayed due to the fraudulent bid rigging scheme, which prevented the situation from being disclosed until we discovered the articles that appeared in the Los Angeles Times. The articles, which were discovered on September 15, 2011, spurred us to research the State Controller's audit, which revealed that Fu-Gen, Inc. had received the top score in the proposal evaluation. Because of the fraudulent conduct of the LACCD Board of Trustees was hidden from the public, the time from which to calculate the proper response time is when the fraud was discovered. Please refer to California Code of Civil Procedure. Section 338, Subsection 5d, which reads: "An action for relief on the grounds of fraud or mistake. The cause of action in that case is not deemed to have accrued until discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

Additionally, this claim discriminated against the Fu-Gen, Inc. ownership, because Fu-Gen, Inc. is 100% African American owned, as well as 50% woman owned and certified by the state of California as a small business enterprise. None of the other bidders, particularly none of those companies that were short-listed as a finalist, were African American owned, nor did they have a score higher than Fu-Gen, Inc. Research and Investigation.

In alignment with the audit conducted by State Controller John Chiang, of the 11 companies submitting a proposal in response to RFP 10-12, Fu-Gen, Inc. was allotted the top score. According

8306 Wilshire Blvd., Suite 106, Beverly Hills, CA 90211
(323) 934-6835  FAX  (323) 934-6807
fugensupport@aol.com   fugen411@aol.com
www.fugen411.com
License: PI11418

to the Los Angeles Community College District rules of bid evaluation, the top scoring responsive bidders should have been awarded the contract. However, Fu-Gen, Inc. was not even called in for an interview. When a member of our office staff inquired about the bid selection to James Watson, Mr. Watson stated that our company was not one of the top four proposers.

Not only was Fu-Gen, Inc. excluded from the oral interviews, but several of the companies that were short listed (Deloitte Services, LP; Ernst & Young LLP; Policy Masters, Inc.; and Thompson, Cobb, Bazilo & Associates, P.C.), were considerably farther down the scoring percentage than Fu-Gen, Inc. [See enclosed scoring sheet.]

The company that was awarded the contract, Policy Masters, Inc., was not close to having our experience and expertise, understandably enough, since the company was only established ninety days prior to the RFP release. Policy Masters, Inc. has since been exposed as a sham by the subsequent State Controller's audit and the Los Angeles Times investigation.

In light of and in agreement with the State Controller's Audit, and the Los Angeles Times investigation, we formally charge that the award selection for RFP 10-12 was subject to a fraudulent scheme of bid rigging. The LACCD Board of Trustees violated their own procedures for award selection, as disclosed by the State Controller's audit, Los Angeles Times journalist investigation and whistleblower accusation. The LACCD bid process as it concerns RFP 10-12 is currently under investigation for possible criminal conduct by the LACCD Board of Trustees.

This action wrongfully impacted Fu-Gen, Inc. and we are herewith submitting this Claim for Damages accordingly. The fraudulent bid-rigging conducted by the LACCD Board of Trustees damaged our company both monetarily and experientially.

Sincerely,

Glenn S. Brown, J.D.
CEO

GSB/kt

cc: James Leonard Brown, Esq.

Enclosures:

Press Release on State Controller's Audit of LACCD
Scores of the 11 companies submitting a proposal to RFP 10-12
August 2011 Los Angeles Times discoveries
September 2011 pledge by Wendy Greuel to investigate Policy Masters, Inc. selection
2010 Article on Christine Marez, owner of Policy Masters, Inc.

# EXHIBIT NO. 2

OFFICE OF GENERAL COUNSEL

CAMILLE A. GOULET
*General Counsel*

KEVIN D. JETER
*Associate General Counsel*

ANNE L. DIGA
*Associate General Counsel*

ERIC C. KIM
*Assistant General Counsel*



LOS ANGELES COMMUNITY COLLEGES
770 Wilshire Boulevard
Los Angeles, California 90017
(213) 891-2188 • Fax (213) 891-2138

October 28, 2011

Glenn S. Brown, J.D.
CEO
FU-GEN, INC.
8306 Wilshire Blvd., Suite 106
Beverly Hills, CA 90211

Re:  **Claim Submitted to the Los Angeles Community College District
Dated September 19, 2011, for FU-GEN, INC.**

Dear Mr. Brown:

Notice is hereby given that the government claim, dated September 19, 2011, that you presented to the Los Angeles Community College District on behalf of FU-GEN, INC. has been rejected. Therefore, no further action will be taken on this matter.

**STATE LAW REQUIRES THAT YOU BE GIVEN THE FOLLOWING WARNING:**

> **Subject to certain exceptions, you have only six (6) months from the date that this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.**
>
> **You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.**

Sincerely,

Kevin D. Jeter
Associate General Counsel

Name & Address:
JAMES LEONARD BROWN. SBN 0040702
Attorney at Law
5900 Wilshire Blvd., Suite 2645
Los Angeles. CA 90036-5028
(213) 251-2332  Facsimile" (213) 607-1456



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FU-GEN. INC., a California Corporation.

PLAINTIFF(S)

v.

LOS ANGELES COMMUNITY COLLEGE
DISTRICT;
(SEE ATTACHMENT)

DEFENDANT(S).

**CASE NUMBER**

**CV12-3229** -DMG (SSx)

**SUMMONS**

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _James Leonard Brown, Esq._____. whose address is _5900 Wilshire Blvd. #2645, Los Angeles. CA 90036-5028_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk. U.S. District Court

Dated: ____APR 1 2 2012_____

By: _____MARILYN DAVIS_____
        Deputy Clerk
        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## ATTACHMENT TO SUMMONS - ADDITIONAL DEFENDANTS

**FU-GEN, INC. vs. LOS ANGELES COMMUNITY COLLEGE DISTRICT,  Case No.** _____

... BOARD OF TRUSTEES OF THE LOS ANGELES COMMUNITY COLLEGE DISTRICT; and the following persons in their individual and official capacities: CHANCELLOR DR. DANIEL J. LaVISTA, MIGUEL SANTIAGO, STEVE VERES, MONA FIELD, TINA PARK, KELLY CANDAELE, GEORGIA MERCER, NANCY PEARMAN and SYLVIA SCOTT HAYES,

Defendants.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV12- 3229 DMG (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## ATTACHMENT TO SUMMONS - ADDITIONAL
## DEFENDANTS

**FU-GEN, INC. vs. LOS ANGELES COMMUNITY COLLEGE DISTRICT, Case No.** _____

... BOARD OF TRUSTEES OF THE LOS ANGELES
COMMUNITY COLLEGE DISTRICT; and the following persons in
their individual and official capacities: CHANCELLOR DR.
DANIEL J. LaVISTA, MIGUEL SANTIAGO, STEVE VERES,
MONA FIELD, TINA PARK, KELLY CANDAELE, GEORGIA
MERCER, NANCY PEARMAN and SYLVIA SCOTT HAYES,

Defendants.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) FU-GEN, INC., a California Corporation | DEFENDANTS LOS ANGELES COMMUNITY COLLEGE DISTRICT; BOARD OF TRUSTEES OF THE LOS ANGELES COMMUNITY COLLEGE DISTRICT; CHANCELLOR DR. DANIEL J. LaVISTA, ET AL. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>JAMES LEONARD BROWN, SBN 0040702<br>5900 Wilshire Blvd. #2645, Los Angeles, CA 90036-5028.<br>(213( 251-2332 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ Damages According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 1983 Violation of Civil Rights (Race Discrimination)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | **IMMIGRATION** | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | ☑ 440 Other Civil Rights | | |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

**CV12-3229**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date April 12, 2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |