FILED

1  James Leonard Brown, Esq.  CA Bar No. 40702
   jameslbrownlaw@yahoo.com
2  LAW OFFICES OF JAMES LEONARD BROWN, APC
   5900 Wilshire Boulevard, Suite 2645
3  Los Angeles,  CA 90036-5028
   Telephone: (213) 251-2332
4  Facsimile:  (213) 607-1456

2012 MAY 31  PH 12: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

5  **Attorneys for Plaintiff, Fu-Gen, Inc.**

6

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  FU-GEN, INC., a California<br>Corporation, | ) CV12-3229-DMG(SSx) |
| 12                    Plaintiff, | ) **FIRST AMENDED**<br>) **COMPLAINT FOR** |
| 13        vs. | ) **DAMAGES AND**<br>) **INJUNCTIVE RELIEF** |
| 14 | ) **(Fed. R. Civ. P. 15(a))** |
| 15  LOS ANGELES COMMUNITY<br>COLLEGE DISTRICT; BOARD OF | ) **DEMAND FOR JURY** |
| 16  TRUSTEES OF THE LOS ANGELES<br>COMMUNITY COLLEGE DISTRICT; | ) **TRIAL** |

11  FU-GEN, INC., a California
    Corporation,                      )  CV12-3229-DMG(SSx)
                                       )
12                   Plaintiff,        )  **FIRST AMENDED**
                                       )  **COMPLAINT FOR**
13          vs.                        )  **DAMAGES AND**
                                       )  **INJUNCTIVE RELIEF**
14                                     )  **(Fed. R. Civ. P. 15(a))**
                                       )
15  LOS ANGELES COMMUNITY              )  **DEMAND FOR JURY**
    COLLEGE DISTRICT; BOARD OF         )  **TRIAL**
16  TRUSTEES OF THE LOS ANGELES        )
    COMMUNITY COLLEGE DISTRICT;        )
17  and the following persons in their )
    individual capacities: CHANCELLOR  )
18  DR. DANIEL J. LaVISTA, MIGUEL      )
    SANTIAGO, STEVE VERES, MONA        )
19  FIELD, TINA PARK, KELLY            )
    CANDAELE, GEORGIA MERCER,          )
20  NANCY PEARMAN, SYLVIA SCOTT        )
    HAYES, DR. ADRIANA BARRERA,        )
21  DR. TYREE WIEDER, JAMES            )
    WATSON, THOMAS HALL, LISALEE       )
22  WELLS  and DOES 1 through 10,      )
    Inclusive.                         )

23  _____

24

25       COMES NOW Plaintiff,  FU-GEN, INC., a California Corporation ("FU-

26  GEN" herein), and for Claims for Relief against Defendants, LOS ANGELES

27  COMMUNITY COLLEGE DISTRICT ("LACCD" herein); BOARD OF

28  **FIRST AMENDED COMPLAINT**              1

TRUSTEES OF THE LOS ANGELES COMMUNITY COLLEGE DISTRICT ("BOARD OF TRUSTEES" herein); and the following persons in their individual capacities: DR. DANIEL J. LaVISTA, MIGUEL SANTIAGO, STEVE VERES, MONA FIELD, TINA PARK, KELLY CANDAELE, GEORGIA MERCER, NANCY PEARMAN, SYLVIA SCOTT HAYES, DR. ADRIANA BARRERA, DR. TYREE WIEDER, JAMES WATSON; THOMAS HALL, LISALEE WELLS and DOES 1 through 10, inclusive, each of them, on information and belief, alleges as follows:

## JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act of 1866, including without limitation, 42 U.S.C., Sections 1981, 1983, et seq.; and the United States Constitution, including, without limitation, the Fourteenth Amendment thereof.   Jurisdiction is founded on 29 U.S.C. §§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

2.     Plaintiff requests that this Court exercise supplemental jurisdiction over the pendent State law claims set forth herein, pursuant to 28 U.S.C., Section 1367a, which provides, in part, that the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.   The state law claims include California State law claims for: Deprivation of Rights Guaranteed Under the California Constitution; Violation of California Unfair Competition Act, California Business and Professions Code §17200; Fraud and Deceit; and Conspiracy.   The claims for relief based on the violations of California law alleged in this First Amended Complaint, and the claims for relief from the violations of federal law also alleged and which predominate in this First Amended Complaint, are based on

**FIRST AMENDED COMPLAINT**        2

the same nucleus of operative facts. Judicial economy, convenience and fairness to the parties will result if the Court assumes and exercises jurisdiction of the action for relief from the violations of California law alleged below

3.    Venue is proper in the Central District of California. All acts alleged herein occurred in the City of Los Angeles, California.

## THE PARTIES

4.    Plaintiff, FU-GEN, is a California Corporation, a citizen of the United States and of the State of California, and at all material times herein was doing business in the City and County of Los Angeles, California as a licensed investigation and research company.

5.    FU-GEN is solely owned, managed and operated by Marsha Brown, an African Female, and her husband, Glenn Brown, an African-American male. Marsha Brown and Glenn Brown are both citizens of the United States and are residents of the State of California, City and County of Los Angeles, California. Marsha Brown and Glenn Brown own all of the stock of, and are the sole officers of, FU-GEN.

6.    FU-GEN is an African-American and female owned corporation, and, is certified as a Minority owned and Women owned business. During its more than 30 years in business, FU-GEN has acquired an imputed racial identity as an African-American and Female owned company.

7.    At all material times herein, Defendant LOS ANGELES COMMUNITY COLLEGE DISTRICT ("LACCD") was a public governmental entity, organized and existing pursuant to the laws of the State of California and doing business in the County of Los Angeles as a community educational organization. LACCD is one of the largest community college district in the United States. It serves more than 250,000 students annually at facilities spread

**FIRST AMENDED COMPLAINT**        3

1   throughout 36 cities in the greater Los Angeles area.

2       8.     At all material times herein, LACCD was managed and operated by

3   Defendant BOARD OF TRUSTEES OF THE LOS ANGELES COMMUNITY

4   COLLEGE DISTRICT ("BOARD OF TRUSTEES"). The individual BOARD OF

5   TRUSTEE members are sued herein in their individual capacities.

6       9.     At all material times herein, Defendants MIGUEL SANTIAGO

7   ("SANTIAGO"), STEVE VERES ("VERES"),  MONA FIELD ("FIELD"), TINA

8   PARK ("PARK), KELLY CANDAELE ("CANDAELE"), GEORGIA MERCER

9   ("MERCER"),  NANCY PEARMAN ("PEARMAN"), SYLVIA SCOTT HAYES

10  ("HAYES")  were members of the BOARD OF TRUSTEES, acting under color of

11  state law. Each of said Defendants are sued herein in their individual capacities.

12      10.    At all times referred to herein the individual members of the BOARD

13   OF TRUSTEES, the LACCD employees and the members of the Review Panel, as

14  more particularly described herein, acted in their individual capacities and  under

15  color of state law, to wit, under the color of the statutes, ordinances, regulations,

16  policies, customs, practices and usages of LACCD and under the color of the

17  authority conferred on each of them as members of the BOARD OF TRUSTEES .

18  as well as individually, in depriving Plaintiff of its rights, as delineated in detail

19  herein.

20      11.    At all material times herein, Defendant,  DR. DANIEL J. LaVISTA

21  ("LaVISTA") was the Chancellor of LACCD.  LaVISTA is sued herein in his

22  individual capacity.  At all material times herein, Defendant,  LaVISTA was acting

23  under color of state law.

24      12.    At all material times herein, Defendant  DR. ADRIANA BARRERA

25  ("BARRERA") was the Deputy  Chancellor of LACCD.  BARRERA is sued

26  herein in her individual capacity.  At all material times herein, Defendant

27

28  **FIRST AMENDED COMPLAINT**          4

1  BARRERA was acting under color of state law.

2      13.    At all material times herein, Defendant, DR. TYREE WIEDER
3  ("WIEDER"), was the predecessor to LaVISTA, and at the time of the issuance of
4  the Request for Proposal referred to herein, was the Interim Chancellor of LACCD.
5  WIEDER is sued herein in his individual capacity. At all material times herein,
6  Defendant WIEDER was acting under color of state law.

7      14.    At all material times herein, Defendant JAMES WATSON
8  ("WATSON") was the LACCD Contracts Manager and was a member of the panel
9  ("the Review Panel" herein) that was convened to review the written bid proposals
10 submitted in response to the Request for Proposal ("RFP") which is the subject of
11 this action. WATSON is sued herein in his individual capacity. At all material
12 times herein, Defendant WATSON was acting under color of state law.

13     15.    At all material times herein, Defendant THOMAS HALL ("HALL")
14 was the LACCD Interim Executive Director of Facilities Planning and
15 Development, and was a member of the Review Panel. HALL is sued herein in his
16 individual capacity. At all material times herein, Defendant WATSON was acting
17 under color of state law.

18     16.    At all material times herein, Defendant LISALEE WELLS
19 ("WELLS") was LACCD Bond Counsel, and was a member of the Review Panel.
20 WELLS is sued herein in her individual capacity. At all material times herein,
21 Defendant WELLS was acting under color of state law.

22     17.    The true names, identities, or capacities whether individual,
23 corporate, associate, or otherwise, of Defendants, DOES 1 through 10, inclusive,
24 are unknown to the Plaintiff, who therefore sue said Defendants by such fictitious
25 names. When the true names, identities or capacities of such fictitiously
26 designated Defendants are ascertained, Plaintiff will ask leave of this Court to

27

28 **FIRST AMENDED COMPLAINT**        5

1  amend this Complaint and to insert said true names, identities, and capacities,
2  together with the proper charging allegations.

3      18.   Plaintiff is informed and believe and thereon allege that each
4  defendant is, and at all times mentioned was, the agent, employee, representative,
5  successor and/or assignee of each other defendant. Each defendant, in doing the
6  acts, or in omitting to act as alleged in this First Amended Complaint, was acting
7  within the scope of his or her actual or apparent authority or the alleged acts and
8  omissions of each defendant as agent subsequently were ratified and adopted by
9  each other defendant as principal. At all material times herein, each of the
10  Defendants named herein was the co-conspirator of each of the other said
11  Defendants, and all of the Defendants acted jointly and in concert with each other,
12  as co-conspirators, and were acting pursuant to the conspiracy.

13  **GENERAL FACTUAL ALLEGATIONS**

14      19.   On or about March 10, 2010, the BOARD OF TRUSTEES adopted
15  a resolution calling for the establishment of the Office of Inspector General
16  ("OIG"), designed to promote accountability to the public and to ensure the
17  economy, efficiency, effectiveness, and integrity of LACCD's Bond Construction
18  Program.

19      20.   The BOARD OF TRUSTEES charged Defendant TYREE, the Interim
20  Chancellor, with the issuance of the Request for Proposal, using non-bond program
21  resources. Interim Chancellor Wieder designated Deputy Chancellor Adriana
22  Barrera as the lead administrator to facilitate the RFP process.

23      21.   On or about April 26, 2010, LACCD issued Request for Proposal No.
24  10-12 ("the RFP" or the "Request for Proposal" herein),  to solicit offers from a
25  qualified and interested individual or firm or joint venture to provide those services
26  required to plan, direct, and conduct investigations and audits designed to promote

27

28  **FIRST AMENDED COMPLAINT**      6

1   accountability to the public and to ensure the economy, efficiency, effectiveness,
2   and integrity of LACCD's capital funded program.  The proposed LACCD
3   Inspector General was designed to be an independent entity, guarding against
4   waste, fraud, corruption and abuse.

5         22.    The RFP was for a five-year contract ("the Contract" herein), covering
6   the period of October 7,  2010, through October 6, 2015.  The contract is for
7   $701,680 a year for "basic services" and the contractor is allowed to bill for
8   "additional services" upon approval by LACCD.  The "basic services" contract is
9   for  $3,508,400 for the five-year contract term.

10        23.    The RFP was categorized as one for professional services. At all
11  material times herein, the LACCD rules regarding bid evaluation for professional
12  services contracts, including, without limitation, LACCD's Business Operations
13  and Policies and Procedures PP-04-08 stated that:

14        **"The proposal receiving the highest score will be deemed the offer**
15        **most advantageous to the District and be recommended for contract**
16        **award."**

17        24.    Prior to May 13, 2010, LACCD and the BOARD OF TRUSTEES,
18   under the supervision of  BARRERA,  convened a four-member panel
19  (Defendants, "the Review Panel" herein), to review the written bid proposals
20  submitted in response  to the RFP.  The Review Panel included the following
21  members: WATSON,  LACCD Contracts Manager, HALL, formerly LACCD
22  Director of Facilities Planning and Development, BARRERA, and WELLS,
23  LACCD Bond Counsel.

24        25.    At all material times, the Review Panel was a direct instrumentality of
25  and acting on behalf of LACCD and the BOARD OF TRUSTEES, which was
26  convened under the color of state law and authority of LACCD and the BOARD

27

28   **FIRST AMENDED COMPLAINT**          7

1  OF TRUSTEES. At all material times herein, the actions of the Review Panel,
2  collectively and individually, and of each of the individual members thereof were
3  under color of State law.

4      26.    The role of the Review Panel was to select and identify which of
5  the firms submitting bids would be afforded the opportunity of an interview
6  and of further consideration for an award of the contract.

7      **27.**  As formulated and designed by the Defendants, the structure and
8  selection function and role of the Review Panel was such that, the exclusion of a
9  bidder by the Review Panel, from the "Short List" for interviews, constituted a
10  rejection from further consideration and an exclusion of said bidder from the
11  contract award. As such, the members of the Review Panel were final decision
12  makers.

13      28.    On or about May 13, 2010 FU-GEN, a minority (African-American)
14  owned and operated business, submitted a timely bid proposal in response to RFP
15  10-12. Pursuant to the specifications of the RFP, FU-GEN submitted statements
16  of FU-GEN's qualifications, related experience, references and related background
17  information on FU-GEN. The proposal submitted by FU-GEN included a
18  curriculum vitae for each of the principals of FU-GEN, and pertinent press
19  releases, which included photographs of the principals of FU-GEN. The
20  photographs clearly depicted that both of the principals of FU-GEN were African-
21  American.

22      29.    FU-GEN had all of the stated qualifications specified in the RFP to be
23  awarded the contract which was the subject of the RFP, including the requisite
24  background, skills and experience, which included years of experience in
25  performing inspector general investigation and related services for other public
26  entities and school districts in the Southern California area. As such, FU-GEN

27

28  **FIRST AMENDED COMPLAINT**        8

1   was fully qualified for the Inspector General position which was the subject of
2   RFP 10-12.

3       30.    On or about May 14, 2010, one day after FU-GEN submitted its bid
4   proposal, which prominently reflected the African-American identity of FU-GEN,
5   FU-GEN, FU-GEN was excluded from being awarded the Contract. On that date,
6   the Review Panel, consisting of four LACCD officials and representatives,
7   collectively and individually acting under color of state, selected "Short List",
8   consisting of four of the bidders. FU-GEN, inexplicably, was excluded from the
9   "Short List". Defendants did not give FU-GEN any reasons as to why FU-GEN
10  had been excluded from the "Short List". Defendants concealed from Plaintiff
11  that FU-GEN had scored number one on an initial scoring, was excluded from
12  being awarded the contract.   On or about May 18, 2010, FU-GEN received a
13  notice by email, that a "Short List" had been selected and that FU-GEN was not on
14  the "Short List".

15      31.    The effect of being excluded from the "Short List" was being
16  excluded from proceeding to the next step, of receiving an interview. Therefore,
17  FU-GEN's exclusion from the "Short List" was a defacto denial of consideration
18  for award of the contract.

19      32.    Of the eleven companies submitting a proposal in response to RFP
20  10-12, FU-GEN was the only African American owned company.

21      33.    Of the eleven companies submitting a proposal in response to RFP 10-
22  12, FU-GEN was the top scoring bidder according to the scores assigned by
23  LACCD.

24      34.    Pursuant to LACCD rules regarding bid evaluation, the contract
25  specified in the RFP should have been awarded to FU-GEN, the top scoring
26  responsive bidder, because such an award would have been most advantageous to
27

28  **FIRST AMENDED COMPLAINT**          9

1  LACCD.

2      35.    When FU-GEN inquired about the status of the bid selection, LACCD
3  falsely concealed from FU-GEN that it was the top scoring company according to
4  the first panel that evaluated the bids. Despite the foregoing, FU-GEN was not
5  placed on the Short List and was not even called in for an interview.

6      36.    Defendants and the Review Panel failed to provide any reasons for
7  excluding FU-GEN from the Short List for interviews.

8      37.    Defendants and the Review Panel failed to document the reasons for
9  excluding FU-GEN from the Short List and from further consideration for an
10  award of the Contract.

11      38.    On or about October 6, 2010, Defendants awarded the Contract
12  pursuant to RFP 10-12 to Policy Masters, Inc., a non-African-American, non-
13  minority company, to wit a  White owned company, that  had scored much lower
14  than FU-GEN. Further Policy Masters, Inc. did not have the same experience or
15  expertise as FU-GEN. Policy Masters was a newly formed company that had been
16  established only 90 days or so prior to the release of RFP 10-12, and at the time of
17  the RFP did not have any employees or office space and had no clients.

18      39.    On or about August 10, 2011, California State Controller, John
19  Chiang released an audit of LACCD's bond construction program. The audit also
20  examined LACCD's creation of an Inspector General for bond funding, which was
21  the subject of the contract offered in RFP 10-12.  The audit findings stated that
22  when establishing the Inspector General position,  LACCD appeared to have
23  ignored its own procurement rules, by awarding the Contract to Policy Masters, a
24  company that was formed shortly before LACCD went out for bid on the Contract.
25  Further, Policy Masters was ranked lower than many of the other companies that
26  bid on the RFP, was led by a principal with no audit or legal experience, and who
27

28  **FIRST AMENDED COMPLAINT**          10

1   was not qualified under the Principles and Standards of the Association of
2   Inspectors General.

3       40.     FU-GEN did not learn nor discover the true facts and details,
4   including the fact that: (1) FU-GEN was the only African-American company that
5   bid on RFP 10-12, and (2) that FU-GEN was the top scoring responsive bidder,
6   and (3) that the Contract was awarded to a lower scoring non-African-American
7   company.

8       41.     FU-GEN did not learn nor discover the true facts and details, because
9   the Defendants, by fraud, concealment and other wrongful actions, concealed the
10  true facts and details pertaining to the selection process and the award of the
11  Contract from Plaintiff and the general public until the State Controller of the State
12  California released its Audit Report during August, 2011 and thereafter, when
13  related Los Angeles Times investigative news reports were published. Then, FU-
14  GEN obtained additional information from LACCD, pursuant to Freedom of
15  Information requests.

16      42.     On or about September 20, 2011, Plaintiff filed a timely Claim
17  for Damages against LACCD, pursuant to the California Government Code .
18  A copy of the cover letter of said Claim is attached hereto as **Exhibit No. 1**.

19      43.     Plaintiff was notified of the rejection of its government claim
20  by letter from LACCD dated October 28, 2011. A copy of said letter is attached
21  hereto as **Exhibit No. 2**.

22      44.     On or about March 9, 2012, LACCD sent a letter to FU-GEN,
23  which stated, in part, that Fu-Gen's claims of racial discrimination "has not been
24  previously addressed". A copy of said letter is attached hereto as **Exhibit No. 3**.

25      45.     By letter dated March 23, 2012, FU-GEN responded to
26  LACCD's March 9, 2012 letter from . A copy of said letter is attached hereto as
27
28  **FIRST AMENDED COMPLAINT**        11

**Exhibit No. 4**.

46.    Plaintiff has fully complied with the claims requirements, if any are applicable to this action, of the California Government Code, including, without limitation, the requirements of Government Code Sections 911.2 and 911.6 , et seq.

## FIRST CLAIM FOR RELIEF - VIOLATION OF 42 U.S.C. §§ 1981, 1983 BY RACE DISCRIMINATION UNDER COLOR OF LAW IN VIOLATION OF EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH AMENDMENT
### (Against the Individual Defendants in Their Individual Capacities)

47 .    Plaintiff refers to and incorporates by reference paragraphs 1 through 45 set forth above as though they were fully set forth at length.

48.    This first Claim for Relief is brought pursuant to 42 U.S.C. §§ 1981,1983, and the Fourth and Fourteenth Amendments of the United States Constitution for the violation of the civil rights of Plaintiff, FU-GEN.

49.    At all material times to this action, Section 1981 of the Civil Rights Act of 1866 (42 U.S.C., Section 1981) prohibited discrimination on the grounds of race with respect to making and enforcing contracts, and provided that all persons shall be entitled to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. At all material times to this action, Section 1983 of the Civil Rights Act of 1866 (42 U.S.C., Section 1983) provided in pertinent part that:

> **Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit, inequity, or other proper proceeding for redress.**

50.    At all material times to this action, Sections 1981 and 1983 of the Civil Rights Act of 1866 (42 U.S.C., Sections 1981, 1983) provided redress for

**FIRST AMENDED COMPLAINT**          12

1   violations of constitutionally guaranteed rights, including, without limitation,
2   rights guaranteed under the Equal Protection Due Process Clauses of the
3   Fourteenth Amendment.

4       51. Said constitutional and statutory provisions were and are for the purpose
5   of protecting United States citizens, including Plaintiff, from being discriminated
6   against by reason of the race of its owners and officers, and/or by reason of the
7   acquired racial identity of the company, by the conduct of entities or other persons,
8   such as alleged.

9       52. Said constitutional and statutory provisions were in full force and
10  effect during all times material to this action.

11      53. As a corporation solely owned by African-American individuals,
12  that acquired an imputed  racial identity as an African-American company, FU-
13  GEN was within a protected class entitled to protections of the constitutional and
14  statutory provisions alleged herein, including, without limitation, the equal
15  protection clause of the Fourteenth Amendment and the provisions of 42 U.S.C.,
16  Sections 1981 and 1983.

17      54.   FU-GEN was fully qualified to be awarded the Contract.

18      55.   FU-GEN was denied the Contract, as alleged herein.

19      56.   Defendants awarded the Contract to a non African-American
20  company, Policy Masters, Inc., a non-minority, White-Female owned company.

21      57.   The refusal to place FU-GEN on the short list or to consider FU-GEN
22  for the Contract and the refusal to award the Contract to FU-GEN was based on the
23  identity o and race FU-GEN and of FU-GEN's owners

24      58.   In taking the foregoing actions, and in doing the things alleged herein,
25  the Defendants intentionally discriminated against FU-GEN in the selection
26  process for the award of the Contract on the basis of the African-American identity

27

28  **FIRST AMENDED COMPLAINT**        13

1 of FU-GEN and on the basis of the African-American race of FU-GEN's
2 principals. Defendants failed to provide any reasons or documentation supporting
3 the decision to exclude FU-GEN from the Short List for interviews and for refusal
4 to award the Contract to FU-GEN.

5     59.   In taking the foregoing actions, and in doing the things alleged herein,
6 the Defendants violated Plaintiff's Constitutional rights, including the right to the
7 equal protection of the laws and violated LACCD's rules policies and practices,
8 including LACCD's Business Operations and Policies and Procedures No. PP-04-
9 08, and LACCD's stated rules policies and practices prohibiting racial
10 discrimination in evaluating and awarding contracts.

11     60.   The foregoing actions of Defendants, including: (1)the refusal to
12 award the Contract to FU-GEN, an African-American company, and (2) awarding
13 the Contract to Policy Masters, Inc. a lower ranked, non-African-American, White
14 owned company, which was racially motivated, for the purpose of discriminating
15 against FU-GEN on account of race, and (3) the intentional discrimination against
16 FU-GEN by reason of the race (African-American) of FU-GEN's sole owners and
17 the acquired African-American racial identity of FU-GEN. Said actions were done
18 on account of and by reason of the racial identity of FU-GEN and the race of FU-
19 GEN's principals.

20     61.   In awarding the RFP to a Policy Masters, lower ranking non-African-
21 American, White company, Defendants were motivated by an intent to
22 discriminate against FU-GEN because it is an African-American owned company,
23 a violation of FU-GEN's constitutional rights to due process and equal protection
24 rights under of 42 U.S.C. Section 1983.

25     62.   In doing the things alleged herein, Defendants, acting under color
26 of state law, and in their individual capacities, violated Plaintiff's clearly
27

28 **FIRST AMENDED COMPLAINT**     14

1    established rights, privileges and immunities secured by the United States
2    Constitution and by Federal law and guaranteed by the Fourteenth Amendments to
3    the United States Constitution, to wit, the Defendants subjected Plaintiff to race
4    discrimination, as more particularly alleged herein.

5         63.   As a direct and proximate cause of the conduct of Defendants, and
6    each of them, FU-GEN was deprived of its rights secured by law, including FU-
7    GEN's 14th amendment due process rights and rights of equal protection,
8    including its right to freedom from race discrimination, and was wrongfully denied
9    the award of the Contract, despite ranking higher on the list than the recipient of
10   the award of the Contract; and has suffered damages, including lost profits and
11   income from the $3.5 million contract and other economic losses, and will be
12   caused to incur attorneys fees in the prosecution of this action, all according to
13   proof. Plaintiff seeks an award of attorneys fees pursuant to, but not limited to, 42
14   U.S.C. Section 1988.

15        64.   In doing the things alleged herein, Defendants, collectively and
16   individually,   acted wilfully, intentionally, and with reckless and deliberate
17   indifference to Plaintiff's constitutional and civil, for the illegal purpose of
18   discriminating against Plaintiff on account of race and the acquired African-
19   American racial identity of FU-GEN, as an African-American owned company,
20   and for the purpose of depriving FU-GEN of FU-GEN's constitutional and civil in
21   violation of the law. By reason of the nature of the conduct of Defendants, FU-
22   GEN prays for exemplary and punitive damages against each of the individual
23   defendants in accordance with law, all according to proof.

24   **SECOND CLAIM FOR RELIEF - VIOLATION OF 42 U.S.C. § 1983
     BY VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS
25   RIGHTS UNDER COLOR OF LAW**
     **(Against the Individual Defendants in Their Individual Capacities)**
26

27        65 .   Plaintiff refers to and incorporates by reference the preceding

28   **FIRST AMENDED COMPLAINT**          15

1  paragraphs set forth above as though they were fully set forth at length.

2  66.   Pursuant to LACCD's rules policies and practices, including LACCD's
3  Business Operations and Policies and Procedures No. PP-04-08,  LACCD's stated
4  rules policies and practices prohibiting racial discrimination in evaluating and
5  awarding contracts, as well as the representations and statements set forth in RFP
6  10-12, FU-GEN, as a qualified bidder, had a constitutionally protected property
7  interest in the opportunity to have FU-GEN's bid proposal considered fairly and on
8  the merits, as well as a cognizable right and interest under the due process clause of
9  the Fourteenth Amendment of the United States Constitution to be free from
10  discrimination based on race.

11  67.   Acting under color of state law, Defendants, in their individual
12  capacities, Defendants violated LACCD's own rules, policies and procedures
13  regarding bid procurement, non-discrimination and prohibitions against racially
14  motivated bid-rigging and bid manipulation, and thereby violated FU-GEN's
15  constitutional due process and equal protection rights, privileges and immunities
16  secured by the United States Constitution and by Federal law and guaranteed by
17  the Fifth and Fourteenth Amendments to the United States Constitution.

18  68.   The discrimination and due process violations alleged herein was also
19  a direct and proximate result of the policies, procedures, customs and practices of
20  Defendant LACCD, and the Review Panel, and said acts were engaged in with
21  reckless and deliberate indifference of said Defendants to the violations of
22  Plaintiff's constitutional and civil rights caused by said policies, procedures,
23  customs and practices, as alleged herein.

24  69.   In doing the things alleged herein, Defendants violated FU-GEN's
25  constitutional rights to due process and equal protection under the United States
26  Constitution, including the rights afforded under the Fifth and Fourteenth

27

28  **FIRST AMENDED COMPLAINT**          16

Amendments, and violated FU-GEN's rights under of 42 U.S.C. Section 1983.

70.    As a direct and proximate cause of the conduct of Defendants, and each of them, FU-GEN was deprived of its rights secured by law, including FU-GEN's 14th amendment substantive due process rights and rights of equal protection, including its right to freedom from race discrimination, and was wrongfully denied the award of the Contract, despite ranking higher on the list than the recipient of the award of the Contract; and has suffered damages, including lost profits and income from the $3.5 million contract and other economic losses, and will be caused to incur attorneys fees in the prosecution of this action, all according to proof. Plaintiff seeks an award of attorneys fees pursuant to, but not limited to, 42 U.S.C. Section 1988.

71.    By reason of the reckless and deliberate indifference of the Defendants

to Plaintiff's federal and state constitutional and statutory protected rights, as alleged herein, including depriving FU-GEN of the protected property right in acquiring public contracts, based on intentional race discrimination against FU-GEN, in violation of FU-GEN's constitutional due process and equal protection rights, with the intent to discriminate against FU-GEN and to violate the law, including the provisions of the United States Constitution and the provisions of the Civil Rights Act of 1866, 42 U.S.C., Sections 1981 and 1983, FU-GEN prays for exemplary and punitive damages against all of the Defendants, except the public entity Defendant, in accordance with law, and all according to proof.

**THIRD CLAIM FOR RELIEF - VIOLATION OF 42 U.S.C. §1985 BY CONSPIRING TO VIOLATE PLAINTIFF'S EQUAL PROTECTION AND DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT**
(Against the Individual Defendants in Their Individual Capacities)

72.    Plaintiff hereby incorporates, as though fully set forth herein, Paragraph 1 through 70 herein above, as though fully set forth at length herein.

**FIRST AMENDED COMPLAINT**          17

73.   Prior to engaging in each of the wrongful acts alleged herein, including on or about May 13, 2010, and on other dates and thereafter, well known to the Defendants, the individual Defendants herein, acting under color of state law, conspired among themselves and with DOES 1 through 5, and agreed to engage in each of the constitutionally prohibited acts alleged herein.

74.   In doing the things alleged herein Defendants acted jointly and in concert with each other, under color of state law, and individually, and at all material times were involved as co-conspirators to deprive FU-GEN of its constitutionally guaranteed civil rights, as alleged herein.

75.   On information and belief Plaintiff alleges that at all times material to this action, Defendants LACCD and THE BOARD OF TRUSTEES had customs, policies and practices which allowed and condoned, without limitation, the constitutionally prohibited conduct discrimination in bid selection and contract awards based on race, and discriminating against bid proposers based on their status as African-American persons or companies.  Further, at all material times herein LACCD's Business Operations and Policies and Procedures PP-04-08 provided that the bid proposal receiving the highest score will be deemed the offer most advantageous to the District and be recommended for contract award.

76.   Said Defendants, collectively and individually, along with other co-conspirators purposefully, under color of law, planned and intended to deny FU-GEN the equal protection of the laws and to thereby injure FU-GEN and to deny FU-GEN the right not to be deprived of the right against discrimination based on race; and thereafter, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, as enumerated above, whereby FU-GEN was deprived of the rights and privileges as set forth above.

77 .   In doing the things alleged herein, Defendants, collectively and

**FIRST AMENDED COMPLAINT**        18

individually acted pursuant to a conspiracy, jointly and in concert with each other, under color of state law, and individually, and pursuant to the above-described customs, policies and practices, and acted with reckless and deliberate indifference to Plaintiff's constitutional rights.

78. As a direct and proximate cause of the conduct of Defendants, and each of them, FU-GEN was deprived of its rights secured by law, including FU-GEN's 14th amendment substantive due process rights and rights of equal protection, including its right to freedom from race discrimination, and was wrongfully denied the award of the Contract, despite ranking higher on the list than the recipient of the award of the Contract; and has suffered damages, including lost profits and income from the $3.5 million contract and other economic losses and will be caused to incur attorneys fees in the prosecution of this action, all according to proof. Plaintiff seeks an award of attorneys fees pursuant to, but not limited to, 42 U.S.C. Section 1988.

79. By reason of the reckless and deliberate indifference of the Defendants to Plaintiff's constitutional and federally protected rights, as alleged herein, including depriving FU-GEN of the protected property right in acquiring public contracts, based on intentional race discrimination against FU-GEN, in violation of FU-GEN's constitutional due process and equal protection rights, with the intent to discriminate against FU-GEN and to violate the law, including the provisions of the United States Constitution and the provisions of the Civil Rights Act of 1866, 42 U.S.C., Sections 1981 and 1983, FU-GEN prays for exemplary and punitive damages against all of the Defendants, except the public entity Defendant, in accordance with law, and all according to proof.

**FIRST AMENDED COMPLAINT** 19

## FOURTH CLAIM FOR RELIEF - VIOLATION OF 42 U.S.C. §1986 BY NEGLIGENT FAILURE TO PREVENT CIVIL RIGHTS VIOLATIONS
### (Against the Individual Defendants in Their Individual Capacities)

80.     Plaintiff hereby incorporates, as though fully set forth herein, Paragraph 1 through 45, Paragraphs 47 through 62 of the First Claim for Relief, Paragraphs 63 through 69 of the Second Claim for Relief, and Paragraphs 72 through 76 of the Third Claim for Relief herein above, as though fully set forth at length herein.

81.     Defendants negligently and recklessly failed and refused to act so as to restrain or prevent the deprivation of Plaintiff's constitutional rights, including the right to be free from discrimination based on race in the award of contracts and bids.

82.     As a direct and proximate cause of the conduct of Defendants, and each of them, FU-GEN was deprived of its rights secured by law, including FU-GEN's 14th amendment substantive due process rights and rights of equal protection, including its right to freedom from race discrimination, and was wrongfully denied the award of the Contract, despite ranking higher on the list than the recipient of the award of the Contract; and has suffered damages, including lost profits and income from the $3.5 million contract and other economic losses and will be caused to incur attorneys fees in the prosecution of this action, all according to proof. Plaintiff seeks an award of attorneys fees pursuant to, but not limited to, 42 U.S.C. Section 1988.

## FIFTH CLAIM FOR RELIEF - INJUNCTIVE RELIEF  42 U.S.C. §1983
### (Against LACCD and the BOARD OF TRUSTEES)

83.     Plaintiff hereby incorporates, as though fully set forth herein, Paragraph 1 through 81 herein above, as though fully set forth at length herein.

84.     The actions of the Defendants, as alleged herein violated LACCD's rules policies and practices, including LACCD's Business Operations and Policies

**FIRST AMENDED COMPLAINT**          20

and Procedures No. PP-04-08, violated LACCD's stated rules policies and practices prohibiting racial discrimination in evaluating and awarding contracts, and violated Plaintiff's Constitutional rights, including the right to the equal protection of the laws .

85.    Plaintiff prays for injunctive and equitable relief, so as to prevent further and future wrongful conduct of the type alleged herein, as follows:

a.    enjoin LACCD and the Board of Trustees and its individual members, acting in either their official or individual capacities, from engaging in race discrimination in bid evaluation and selection.

b.    enjoin LACCD and the BOARD OF TRUSTEES and its individual members, acting in either their official or individual capacities, from not fully complying with internal rules and guidelines regarding bid evaluation and selection.

c.    enjoin LACCD and THE BOARD OF TRUSTEES from engaging in customs, policies and practices which allow and/or condone constitutionally prohibited racial discrimination in bid selection and contract awards;

d.    enjoin LACCD and THE BOARD OF TRUSTEES from engaging in decisions and contract awards based on race, and from discriminating against future bid proposers, including, without limitation, FU-GEN, based on their status as African-American persons or companies;

e.    enjoin LACCD and THE BOARD OF TRUSTEES from engaging in decisions and contract awards based on race, and from discriminating against future bid proposers, including, without limitation, FU-GEN, based on their status as African-American persons or companies.

f.    enjoin and order LACCD and THE BOARD OF TRUSTEES to adopt control measures to ensure that procurement of special and professional services

**FIRST AMENDED COMPLAINT**      21

1  fully comply with LACCD's internal rules and guidelines;

2      g.      enjoin and order LACCD and THE BOARD OF TRUSTEES to adopt
3  develop objective criteria for evaluating and selecting bidders for contracts for
4  special and professional services;

5      h.      enjoin and order LACCD and THE BOARD OF TRUSTEES to
6  develop and adopt documentation requirements for the evaluation and selection of
7  bidders for contracts for special and professional services;

8      i.      for a declaratory order that the actions of LACCD and THE BOARD
9  OF TRUSTEES in rejecting FU-GEN's bid and awarding the Contract to Policy
10  Masters, Inc. violated LACCD's Business Operations and Policies and Procedures
11  No. PP-04-08, and constituted an ultra vires act.

## SIXTH CLAIM FOR RELIEF - VIOLATION OF THE CALIFORNIA
## CONSTITUTION

**(Against the Individual Defendants in Their Individual Capacities)**

15      86.    Plaintiff hereby incorporates, as though fully set forth herein,
16  Paragraph 1 through 81 herein above, as though fully set forth at length herein.

17      87.    At all material times herein, the **California Constitution, Article I,**
18  **Section 7** had provided hat the State Government may not deprive individuals of
19  "life, liberty, or property without due process of law," or deny equal protection of
20  the laws.

21      88.    At all material times to this action, the **California Constitution,**
22  **Article I, Section 8**, prohibited the disqualification of any person from entering or
23  pursuing employment because of race, creed, color, sex or national or ethnic origin.

24      89.    The individual Defendants, acting under color of state law have
25  violated FU-GEN's rights and privileges guaranteed by the California Constitution,
26  including the above cited provisions, by discriminating against FU-GEN on the

27

28  **FIRST AMENDED COMPLAINT**        22

1  basis of FU-GEN's imputed African-American identity and because of the African-
2  American race of FU-GEN'S principals.

3      90.    Defendants, acting in their individual capacities, under color of
4  state law, and in violation of the public policy of the State of California, as
5  articulated in the California Constitution and in <u>Civil Code</u>, Section 51.5, et seq.,
6  discriminated against Plaintiff on account of FU-GEN's African-American identity
7  and on account of the race of Plaintiff's principals, as alleged herein above.

8      91.    As a direct and proximate cause of the conduct of Defendants, and
9  each of them, FU-GEN was deprived of its rights secured by law and sustained
10  damages as alleged herein.

11      92.    At all material times herein, Defendants, collectively and individually,
12  in doing the things alleged herein, acted in under color of state law, fraudulently,
13  maliciously and with a conscious disregard of Plaintiff's known rights, and by
14  reason of the nature of such conduct Plaintiff prays for the assessment of punitive
15  and exemplary damages against each of the individual  Defendants in an amount
16  appropriate to punish said Defendants and set an example, all according to proof.

17  **SEVENTH CLAIM FOR RELIEF - VIOLATION OF UNRUH ACT, CALIFORNIA CIVIL CODE SECTION 51.5**
18  **(Against the Individual Defendants in Their Individual Capacities)**

19      93.    Plaintiff hereby incorporates, as though fully set forth herein,
20  Paragraphs 1 through 91 herein above, as though fully set forth at length herein.

21      94.    At all material times herein, **California Civil Code Section 51.5** (a)
22  provided, in pertinent part, that "no business establishment of any kind whatsoever
23  shall discriminate against, boycott or blacklist, or refuse to buy from,  contract
24  with, sell to, or trade with any person in this state" on account of the race of the
25  person, the person's partners, members, stockholders, directors, officers, managers,
26  superintendents, agents, employees, business associates, suppliers, or customers.

27

28  **FIRST AMENDED COMPLAINT**        23

95.     In doing the things alleged herein, the individual Defendants, acting under color of state law have discriminated against FU-GEN on the basis of FU-GEN's imputed African-American identity and because of the African-American race of FU-GEN'S principals.

**EIGHTH CLAIM FOR RELIEF - INJUNCTIVE RELIEF PURSUANT TO UNFAIR BUSINESS PRACTICES  CALIFORNIA B& P CODE 17200 (Against LACCD and the BOARD OF TRUSTEES)**

96.     Plaintiff hereby incorporates, as though fully set forth herein, Paragraphs 1 through 96 herein above.

97.     At all material times herein, California Business and Professions Code § 17200 provided that "unfair competition shall mean and include **"any unlawful, unfair or fraudulent  business act or practice"**.

98.     At all material times herein, California Business and Professions Code § 17203 provided that any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.   The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition

99.     In doing the things alleged herein, Defendants LACCD and BOARD OF TRUSTEES, as well as each of the individual Defendants, acting under color of state law have engaged in unfair competition and **unlawful, unfair and fraudulent business acts and practices, including,** without limitation, race discrimination, racially motivated bid-rigging and corruption, as alleged herein, all in violation of Business and Professions Code § 17200 et seq., in violation of the California Constitution and California law and in violation of the above alleged

**FIRST AMENDED COMPLAINT**          24

1 | federal constitution and statutory provisions.

2 |     100.  The above-alleged discrimination towards Plaintiff was all on account
3 | of the race of Plaintiff's principals, African-American, and on account of the
4 | acquired African-American racial identity of FU-GEN.

5 |     101.  As a result of Defendants' unfair business practices, FU-GEN was
6 | directly damaged and said unfair business practices entitle FU-GEN to seek
7 | injunctive relief. Plaintiff prays for injunctive and equitable relief, so as to prevent
8 | further and future wrongful conduct of the type alleged herein, as follows:

9 |     a.     enjoin LACCD and the Board of Trustees and its individual
10 | members, acting in either their official or individual capacities, from
11 | engaging in race discrimination in bid evaluation and selection.

12 |     b.     enjoin LACCD and the BOARD OF TRUSTEES and its individual
13 | members, acting in either their official or individual capacities, from not fully
14 | complying with internal rules and guidelines regarding bid evaluation and
15 | selection.

16 |     c.     enjoin LACCD and THE BOARD OF TRUSTEES from engaging in
17 | customs, policies and practices which allow and/or condone constitutionally
18 | prohibited racial discrimination in bid selection and contract awards;

19 |     d.     enjoin LACCD and THE BOARD OF TRUSTEES from engaging in
20 | decisions and contract awards based on race, and from discriminating against
21 | future bid proposers, including, without limitation, FU-GEN, based on their status
22 | as African-American persons or companies;

23 |     e.     enjoin LACCD and THE BOARD OF TRUSTEES from engaging in
24 | decisions and contract awards based on race, and from discriminating against
25 | future bid proposers, including, without limitation, FU-GEN, based on their status
26 | as African-American persons or companies.

27 |

28 | **FIRST AMENDED COMPLAINT**     25

f.      enjoin and order LACCD and THE BOARD OF TRUSTEES to adopt control measures to ensure that procurement of special and professional services fully comply with LACCD's internal rules and guidelines;

g.      enjoin and order LACCD and THE BOARD OF TRUSTEES to adopt develop objective criteria for evaluating and selecting bidders for contracts for special and professional services;

h.      enjoin and order LACCD and THE BOARD OF TRUSTEES to develop and adopt documentation requirements for the evaluation and selection of bidders for contracts for special and professional services;

i.      for a declaratory order that the actions of LACCD and THE BOARD OF TRUSTEES in rejecting FU-GEN's bid and awarding the Contract to Policy Masters, Inc. violated LACCD's Business Operations and Policies and Procedures No. PP-04-08, and constituted an ultra vires act.

j.      that the Court make such other and further orders as the Court considers just and proper including an order enjoining Defendants from future unfair competition.

## NINTH CLAIM FOR RELIEF - FRAUD-CONCEALMENT

### (Against the Individual Defendants in Their Individual Capacities)

102.    Plaintiff hereby incorporates, as though fully set forth herein, Paragraph 1 through 45, Paragraphs 47 through 62 of the First Claim for Relief, Paragraphs 63 through 69 of the Second Claim for Relief, Paragraphs 72 through 76 of the Third Claim for Relief and Paragraphs 77 through 101 herein above, as though herein above, as though fully set forth at length herein.

103. The individual Defendants, acting under color of state law, failed to disclose to FU-GEN, and actively concealed from FU-GEN, the important and material facts as alleged in, without limitation, Paragraphs 30-60 and 77-99 herein

**FIRST AMENDED COMPLAINT**          26

1  above, and incorporated herein by this reference.

2      104.  The individual Defendants, acting under color of state law, in
3  concealing this important information intended to deceive FU-GEN and cause FU-
4  GEN to FU-GEN reasonably rely  on the deception and concealment of material
5  facts engaged in by the individual Defendants, acting under color of state law.

6      105.  Because the Defendants, by fraud, concealment and other wrongful
7  actions, concealed the true facts and details from Plaintiff and from the general
8  public, FU-GEN did not know of the concealed facts until the State Controller of
9  the State California released its Audit Report during August, 2011 and thereafter,
10  when related Los Angeles Times investigative news reports were published and
11  FU-GEN  obtained additional information from LACCD pursuant to Freedom of
12  Information requests.

13     106.  As a direct and proximate cause of the conduct of Defendants, and
14  each of them, FU-GEN was deprived of its rights secured by law and sustained
15  damages as alleged herein.

16     107.  At all material times herein, Defendants, collectively and individually,
17  in doing the things alleged herein, acted in under color of state law,  fraudulently,
18  maliciously and with a conscious disregard of Plaintiff's known rights, and by
19  reason of the nature of such conduct Plaintiff prays for the assessment of punitive
20  and exemplary damages against each of the individual  Defendants in an amount
21  appropriate to punish said Defendants and set an example, all according to proof.

22              **TENTH CLAIM FOR RELIEF - CONSPIRACY**

23       **(Against the Individual Defendants in Their Individual Capacities)**

24     108.  Plaintiff hereby incorporates, as though fully set forth herein,
25  Paragraphs 1 through 107 herein above.

26

27

28  **FIRST AMENDED COMPLAINT**         27

1    109.    Acting under color of state law and in their individual capacities,
2  Defendants, collectively and individually conspired among themselves and agreed
3  to engage in each of the constitutionally prohibited acts alleged herein.

4    110.  In doing the things alleged herein Defendants acted jointly and in
5  concert with each other, under color of state law, and individually, and at all
6  material times were involved as co-conspirators to deprive FU-GEN of its
7  constitutionally guaranteed civil rights, as alleged herein.

8    111.  Prior to engaging in each of the wrongful acts alleged herein,
9  including on a date or dates well known to Defendants, and on or prior to May 13,
10  2010 and thereafter, Defendants, collectively and individually agreed and
11  conspired among themselves to engage in each of the wrongful acts alleged herein.

12    112.  In doing the things alleged herein, Defendants, collectively and
13  individually, acted pursuant to said agreement and conspiracy, jointly and in
14  concert with each other, under color of state law, and individually, to engage in
15  each of the wrongful acts alleged herein.

16    113.  As a direct and proximate cause of the conduct of Defendants, and
17  each of them, FU-GEN was deprived of its rights secured by law and sustained
18  damages as alleged herein.

19    114.  At all material times herein, Defendants, collectively and individually,
20  in doing the things alleged herein, acted in under color of state law, fraudulently,
21  maliciously and with a conscious disregard of Plaintiff's known rights, and by
22  reason of the nature of such conduct Plaintiff prays for the assessment of punitive
23  and exemplary damages against each of the individual  Defendants in an amount
24  appropriate to punish said Defendants and set an example, all according to proof.

25        WHEREFORE, Plaintiffs prays for judgment against defendants,
26  collectively and individually, as follows:

27

28  **FIRST AMENDED COMPLAINT**        28

1.    For special, general and compensatory damages according to proof.

2.    For injunctive relief as prayed for herein.

3.    For punitive and exemplary damages in an amount appropriate to punish and set an example against Defendants, collectively and individually, except the public entity Defendant, all according to proof .

4.    For attorneys fees pursuant to, but not limited to, 42 U.S.C. Section 1988.

5.  For costs of suit incurred herein and for such other and further relief as the Court considers proper.

Dated: May 31, 2012            **LAW OFFICES OF**
                               **JAMES LEONARD BROWN, APC**

                               By: _____
                                   James Leonard Brown

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

Dated: May 31, 2012            **LAW OFFICES OF**
                               **JAMES LEONARD BROWN, APC**

                               By: _____
                                   James Leonard Brown
                                   Attorney for Plaintiff, FU-GEN, INC.

**FIRST AMENDED COMPLAINT**            29

# EXHIBIT NO. 1



# FU-GEN, INC.
Research and Investigation

GLENN S. BROWN, J.D
Chief Executive Officer

MARSHA L. BROWN, M.A
President

September 20, 2011

Los Angeles Community College District
Office of General Counsel
770 Wilshire Blvd., 6th floor
Los Angeles, CA 90017

Re: Claim for Damages concerning RFP 10-12
Inspector General/Whistleblower Program

Dear Sir:

This letter represents our formal protest in connection with the selection of an Inspector General from RFP 10-12 by the Los Angeles Community College District Board of Trustees. In May 2010, Fu-Gen, Inc. submitted our proposal in response to the above-referenced RFP. We believed that the qualifications specified by LACCD were a perfect match for our skills and experience. The filing of this complaint satisfies the government code, section 911.2 and 911.6 (c) et seq.

This claim is timely, and is only delayed due to the fraudulent bid rigging scheme, which prevented the situation from being disclosed until we discovered the articles that appeared in the Los Angeles Times. The articles, which were discovered on September 15, 2011, spurred us to research the State Controller's audit, which revealed that Fu-Gen, Inc. had received the top score in the proposal evaluation. Because of the fraudulent conduct of the LACCD Board of Trustees was hidden from the public, the time from which to calculate the proper response time is when the fraud was discovered. Please refer to California Code of Civil Procedure, Section 338, Subsection 5d, which reads: "An action for relief on the grounds of fraud or mistake. The cause of action in that case is not deemed to have accrued until discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

Additionally, this claim discriminated against the Fu-Gen, Inc. ownership, because Fu-Gen, Inc. is 100% African American owned, as well as 50% woman owned and certified by the state of California as a small business enterprise. None of the other bidders, particularly none of those companies that were short-listed as a finalist, were African American owned, nor did they have a score higher than Fu-Gen, Inc. Research and Investigation.

In alignment with the audit conducted by State Controller John Chiang, of the 11 companies submitting a proposal in response to RFP 10-12, Fu-Gen, Inc. was allotted the top score. According

8306 Wilshire Blvd., Suite 106, Beverly Hills, CA 90211
(323) 934-6835  FAX (323) 934-6807
fugensupport@aol.com   fugen411@aol.com
www.fugen411.com
License: PI11418

to the Los Angeles Community College District rules of bid evaluation, the top scoring responsive bidders should have been awarded the contract. However, Fu-Gen, Inc. was not even called in for an interview. When a member of our office staff inquired about the bid selection to James Watson, Mr. Watson stated that our company <u>was</u> not one of the top four proposers.

Not only was Fu-Gen, Inc. excluded from the oral interviews, but several of the companies that were short listed (Deloitte Services, LP; Ernst & Young LLP; Policy Masters, Inc.; and Thompson, Cobb, Bazilo & Associates, P.C.), were considerably farther down the scoring percentage than Fu-Gen, Inc. [See enclosed scoring sheet.]

The company that was awarded the contract, Policy Masters, Inc., was not close to having our experience and expertise, understandably enough, since the company was only established ninety days prior to the RFP release. Policy Masters, Inc. has since been exposed as a sham by the subsequent State Controller's audit and the Los Angeles Times investigation.

In light of and in agreement with the State Controller's Audit, and the Los Angeles Times investigation, we formally charge that the award selection for RFP 10-12 was subject to a fraudulent scheme of bid rigging. The LACCD Board of Trustees violated their own procedures for award selection, as disclosed by the State Controller's audit, Los Angeles Times journalist investigation and whistleblower accusation. The LACCD bid process as it concerns RFP 10-12 is currently under investigation for possible criminal conduct by the LACCD Board of Trustees.

This action wrongfully impacted Fu-Gen, Inc. and we are herewith submitting this Claim for Damages accordingly. The fraudulent bid-rigging conducted by the LACCD Board of Trustees damaged our company both monetarily and experientially.

Sincerely,

Glenn S. Brown, J.D.
CEO

GSB/kt

cc: James Leonard Brown, Esq.

Enclosures:

Press Release on State Controller's Audit of LACCD
Scores of the 11 companies submitting a proposal to RFP 10-12
August 2011 Los Angeles Times discoveries
September 2011 pledge by Wendy Greuel to investigate Policy Masters, Inc. selection
2010 Article on Christine Marez, owner of Policy Masters, Inc.

# EXHIBIT NO. 2

OFFICE OF GENERAL COUNSEL

**CAMILLE A. GOULET**
*General Counsel*

**KEVIN D. JETER**
*Associate General Counsel*

**ANNE L. DIGA**
*Associate General Counsel*

**ERIC C. KIM**
*Assistant General Counsel*

**LOS ANGELES COMMUNITY COLLEGES**
770 Wilshire Boulevard
Los Angeles, California 90017
(213) 891-2188 ● Fax (213) 891-2138

October 28, 2011

Glenn S. Brown, J.D.
CEO
FU-GEN, INC.
8306 Wilshire Blvd., Suite 106
Beverly Hills, CA 90211

Re:    **Claim Submitted to the Los Angeles Community College District Dated September 19, 2011, for FU-GEN, INC.**

Dear Mr. Brown:

Notice is hereby given that the government claim, dated September 19, 2011, that you presented to the Los Angeles Community College District on behalf of FU-GEN, INC. has been rejected. Therefore, no further action will be taken on this matter.

**STATE LAW REQUIRES THAT YOU BE GIVEN THE FOLLOWING WARNING:**

> **Subject to certain exceptions, you have only six (6) months from the date that this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.**

> **You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.**

Sincerely,

*[signature]*

Kevin D. Jeter
Associate General Counsel

EXHIBIT NO. 3



# LOS ANGELES COMMUNITY COLLEGE DISTRICT

## OFFICE OF DIVERSITY PROGRAMS
770 Wilshire Boulevard, Los Angeles, CA 90017
(213) 891-2315 • Fax (213) 891-2295

CITY • EAST • HARBOR • MISSION • PIERCE • SOUTHWEST • TRADE-TECHNICAL • VALLEY • WEST

March 9, 2012

Glenn S. Brown, J.D.
Fu-Gen, Inc.
8306 Wilshire Blvd., #106
Beverly Hills, CA 90211

Re:    Letter Dated September 20, 2011
       Claiming Race/Sex Discrimination

Dear Mr. Brown,

I have been provided with a letter dated September 20, 2012, wherein you allege that amongst other claims relating to your bid for Inspector General, your firm was discriminated against because it is 100% African American owned, as well as 50% woman owned. It appears that you are alleging that because none of the other bidders, in particular none of those that were selected as finalists, were African American owned, nor did they have a score higher than Fu-Gen, Inc Research and Investigation, this constitutes race and sex discrimination.

I understand that your initial claim for damages has been rejected by the Los Angeles Community College District. I also understand that this specific aspect of the allegations contained in your letter has not been previously addressed. In order to do so, I would appreciate it if you could provide me with any facts which you assert constitute race and sex discrimination no later than ten business days from the date you receive this request. If I do not receive any additional information from your office by month's end, I will investigate and make my findings based on the allegations you have already made.

Thank you for your cooperation.

Regards,

Sylvia Macias, J.D.
LACCD Compliance Officer

# EXHIBIT NO. 4



**FU-GEN, INC.**
Research and Investigation

GLENN S. BROWN, J.D.
Chief Executive Officer

MARSHA L BROWN, M.A.
President

March 23, 2012

Los Angeles Community College District
Sylvia Macias, J.D.
LACCD Compliance Officer
Office of Diversity Programs
770 Wilshire Blvd.
Los Angeles, CA 90017

Dear Ms. Macias:

We are in receipt of your letter dated March 9, 2012, regarding our protest of the awarding of the contract for Inspector General. According to the study done by the State Controller's office, Fu-Gen, Inc. was awarded the highest score in the proposal evaluation process, and yet we were passed over for the oral interview, and the contract was awarded to a new business without the experience and expertise we offered.

We continue to affirm that the reason for our firm being passed over, even though we scored the highest, was based on race and sex discrimination, as Fu-Gen, Inc. was the only minority-owned and woman-owned company to submit a proposal. The reason LACCD rejected our initial claim for damages was their assessment that we had not protested the contract award within the designated time period. However, we had no knowledge that the bid process was "rigged" until the State Controller issued their findings. In such cases where fraud is suspected, the time period starts from the time such fraud is discovered.

There has still been no explanation provided as to why the LACCD would pass over the highest scoring bidder without even an interview in order to award the contract to an unknown entity, that happened to have a relationship with one of LACCD's general contractors. Until such an explanation is provided, we maintain that racial and gender discrimination had to be in force.

Sincerely,

Glenn S. Brown, J.D.
CEO

8306 Wilshire Blvd., Suite 106, Beverly Hills, CA 90211
(323) 934-6835  FAX  (323) 934-6807
fugensupport@aol.com  fugen411@aol.com
www.fugen411.com
License: PI11418

## **VERIFICATION**

STATE OF CALIFORNIA    )
                             ) ss
COUNTY OF LOS ANGELES)

I, Marsha Brown, am an officer of FU-GEN, INC., a California Corporation. I and FU-GEN, INC. are both citizens of the United States and residents of the State of California. I am authorized to make this verification on behalf FU-GEN, INC. I hereby declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that I have read the foregoing **FIRST AMENDED COMPLAINT** and the factual allegations therein are true and correct, except as to any matters which are therein stated upon information and belief, and as to those matters, I believe it to be true.

Executed at Los Angeles, California.

DATED: May 3/, 2012

FU-GEN, INC.
By: MARSHA BROWN, Duly Authorized Officer

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES        )

   I am employed in the City and County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 5900 Wilshire Boulevard, Suite 2645, Los Angeles, California 90036.

   On May 31, 2012, I served a true and correct copy of the foregoing document described as:

    **FIRST AMENDED COMPLAINT**

in a sealed envelope addressed as follows:

    Mary L. Dowell, Esq.
    David A. Urban, Esq.
    **LIEBERT CASSIDEY WHITMORE**
    A Professional Law Corporation
    6033 W. Century Boulevard, Suite 500
    Los Angeles, CA 90045

   I caused such envelope with postage thereon fully paid to be placed in the United States Mail at Los Angeles, California.

   I am employed by a member of the bar of this Court at whose direction this service was made.

  I declare under penalty of perjury that the foregoing is true and correct.

   Executed on May 31, 2012, at Los Angeles, California.

     _____
     Lori Dunn